

FILED
DISTRICT COURT OF GUAM
MAY 17 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER JOHN RIOS,<br><br>Defendant. | Criminal Case No. 06-00007<br><br>**ORDER RE: MOTION TO SUPPRESS EVIDENCE AND STATEMENTS** |

The Defendant's Motion to Suppress came before this Court for an evidentiary hearing on May 17, 2006. After hearing the testimony of witnesses and argument from counsel, the Court **DENIED** the Defendant's motion. For the reasons discussed more fully herein, the Court sets forth the bases for its **DENYING** the motion.

## I. FACTS

On December 29, 2004, at approximately 9:15 p.m., a team of officers from the Guam Department of Corrections, Parole Services Division, went to the residence of defendant, Peter John Rios, in Barrigada, Guam to conduct a curfew check and home search. The officers were Officers Ronald S.N. Santos, Linda Charfauros, Gil G. Quinata and Lisa Castro. Officers Santos and Charfauros approached the front door and knocked. The defendant answered the door.

Marie Catahay (defendant's common law wife and home owner) and Salvador S. Lujan (defendant's friend) were also present at the time of the search. Officer Santos informed them that a home search was going to be conducted. While in the kitchen, Officer Santos observed a firearm magazine loaded with ammunition on top of a computer desk. When asked about where

**ORIGINAL**

the weapon was that goes with the magazine, the defendant replied to Officer Santos that the firearm belonged to his brother-in-law. Officers Castro and Quinata entered the home to conduct a search of the premises.

Officers Castro, Quinata and Santos started the search while Officer Charfauros monitored the individuals in the kitchen. Officers Santos and Castro were accompanied by the home owner, Marie Catahay, as the officers conducted a search of the bedrooms. The officers found two firearms, a 22 Rifle and an AR-15 firearm, along with many marijuana plants.

At the time of the search, the defendant, Peter John Rios, was on parole for the conviction of a family violence offense in the Superior Court of Guam. Previously, on January 13, 2003, the defendant had entered a plea agreement which provided:

> Xiv. That the defendant shall permit parole and police officers to search his person, residence, and vehicles for firearms, alcohol and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation. *See* Exhibits 1 and 2, Government's Opposition; attached thereto.

For the offense, the defendant was sentenced to a term of five (5) years imprisonment, with all but twenty (20) months suspended, credit for time served. Defendant was then placed on a three (3) year term of parole with the following condition:

> xii. That the Defendant shall comply with any other condition imposed by the Court or Parole Office. *See* Exhibit 3, Government's Opposition; attached thereto.

On April 6, 2004, upon his release the defendant signed a document entitled "Detention Full-Time/Special Released Parolee Statements of the Conditions Under Which this Parole is Granted." *See* Exhibit A, Defendant's Motion for Suppression; attached thereto. One of the conditions to which the defendant agreed to under parole was to permit probation officers to visit or search the defendant's person, vehicle and residence for firearms and illegal controlled substance at any time such a search is requested. *Id.* In addition, it provided that the defendant would abide by all of the conditions stipulated to in his judgment. *Id.*

On February 15, 2006, the defendant was indicted in the District Court of Guam on one

- 2 -

count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## II. DISCUSSION

The defendant now argues that the evidence seized from his home should be suppressed because it was obtained without a warrant. The Fourth Amendment restrains the government from performing "unreasonable searches and seizures." U.S. CONST. amend. IV. The touchstone in evaluating the permissibility of any search is "reasonableness." *Griffin v. Wisconsin*, 483 U.S. 868, 873, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). In most cases, reasonableness requires a warrant and probable cause. *Id.*

Here, the defendant claims it was unreasonable for the parole officers to conduct a search absent a warrant. The defendant relies upon *United States v. Wryn*, 952 F.2d 1122 (9th Cir. 1991) for support. In *Wryn*, the defendant, who was on probation, was subjected to a search of his residence. The defendant moved for the suppression of the evidence on the basis that it was obtained without a warrant and consent. The government argued that the search was constitutional because the defendant was on probation and his probation officer had a reasonable belief that he was violating the terms of his probation. *Id.* at 1124. The Ninth Circuit found that although the defendant was on probation, there was no court order that the defendant subject himself to such searches as a condition of his probation and the state law on the issue required the sentencing court to order that condition specifically if one was to be imposed. Accordingly, the Ninth Circuit found that the evidence should have been suppressed.

Similar to *Wryn*, the defendant claims there is no authorizing law which permits for the search of probationers absent a court order and the Superior Court did not order the defendant subject to such a search condition. Pursuant to 9 Guam Code Ann. § 80.62, the court may require an offender to permit a probation officer to visit him at his/her home;

> (a) If the court . . . places an offender on probation, it shall attach such reasonable conditions, authorized by this Section, as it deems appropriate to assist him to lead a law-abiding life.
>
> (b) The court, as a condition of its order may require the offender:

> (12) to report as directed to the court or the probation officer,
> to answer all reasonable inquiries by the probation officer and
> to permit the officer to visit him at reasonable times at his
> home or elsewhere;
>
> (c) The offender shall be given a statement in writing explicitly setting forth
> the conditions on which he is released on probation.

"Sentencing judges are given wide discretion in setting terms of probation, subject only to the requirement that the terms imposed by reasonably related to the rehabilitation and protection goals." *U.S. v. Schoenrock*, 868 F.2d 289, 291 (8th Cir. 1989).

However, there are circumstances for which a search can be reasonable absent a warrant and probable cause. For example, in *Griffin v. Wisconsin*, 483 U.S. 868 (1987), the Supreme Court concluded that warrantless searches do not violate the Fourth Amendment where they are conducted pursuant to law authorizing such searches when supervisory approval was obtained and reasonable grounds exist to believe contraband would be found. *Id.* at 876. The Court stated that there is a special relationship between a probationer and his probation officer which justifies departing from the usual warrant requirement. *Id.*

The government argues that the defendant agreed to the search. The defendant signed a form wherein he consented to the search of his residence at reasonable times as a condition of his parole. *See* Exhibit A, Defendant's Motion for Suppression; attached thereto. Moreover, the Court had ordered the defendant to comply with any other condition imposed by the Superior Court or Parole Office. *See* Exhibit 3, Government's Opposition; attached thereto. As noted, one of the conditions imposed by the Parole Office and agreed to by the defendant was the search of his person, vehicle and residence. There is no indication that the defendant did not know what he was he was signing and agreeing to.

In addition, the government argues that Chief Parol Officer, Officer Mike Quinata was provided information that criminal activity was occurring at the defendant's residence. Officer Quinata testified that approximately one week prior to the search, the defendant's mother and her husband came to his office before business hours to express concern that the defendant possessed

- 4 -

a firearm. Thereafter, Officer Quinata spoke to Officer Santos to check on the matter. Approximately one week later the search in question was conducted.

The Court finds that there is no indication that the tip was unreliable or was provided for reasons other than out of concern. The search was thus justified by reasonable suspicion that a crime was occurring. "When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable. The same circumstances that lead us to conclude that reasonable suspicion is constitutionally sufficient also render a warrant requirement unnecessary." *U.S. v. Knights,* 534 U.S. 112, 121 (2001).

In this instance the defendant was on parole and had already agreed to permit such searches in his plea agreement. Moreover, the defendant did not appeal from the judgement which ordered him to comply with any other conditions imposed by the Court or the Parole Office. It seems reasonable that one of the conditions imposed would be a search condition since it had been a condition of the defendant's plea agreement. Moreover, upon the defendant's release from prison, the defendant signed the consent form, waiving his Fourth Amendment rights. There was no showing that the defendant was coerced into waiving his rights and did not understand what he was signing. In fact, the form signed by the defendant expressly provided that he understood what he was signing. *See* Exhibit A, Defendant's Motion for Suppression; attached thereto.[1] Accordingly, the Court finds the defendant knowingly waived his Fourth Amendment rights and that the search was reasonable. Accordingly, the motion is denied.

---

[1] The conditions of parole form signed by the defendant contained the following language:

> I have read or had read to me, the foregoing conditions governing my release on parole. I fully understand them, and will abide and strictly follow them. I also understand that if I violate them in any manner, I may be re-committed to prison. I have also received by personal copy of this Statement of the Conditions Under Which This Parole is Granted. *See* Exhibit A, Defendant's Motion for Suppression; attached thereto.

- 5 -

### III. CONCLUSION

Based upon the foregoing, the Court finds that the warrantless search was proper. There is no indication that the defendant did not understand that he had agreed to a search of his residence as a condition of his parole. Accordingly, the Court **DENIES** the defendant's motion.

**IT IS SO ORDERED**, this 17 day of May, 2006.

*(signature)*
JOHN C. COUGHENOUR[*]
District Court of Guam

---

[*]The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, by designation.